UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22549-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

DORIS BERROCAL,

    Plaintiff,

v.

MOODY PETROLEUM, INC., et al.,

    Defendants.
_____/

<u>ORDER GRANTING MOTION FOR LIQUIDATED DAMAGES</u>

Presently pending before the Court is the Plaintiff's Motion to Liquidate Damages (DE # 69). The Defendant has filed a memorandum in opposition to the motion (DE # 70), and the Plaintiff has replied (DE # 77). For the reasons stated below, the undersigned grants the motion, and awards liquidated damages in the amount of $2,640.00, which is an amount equal to the compensatory damages awarded by the jury.[1]

I.    <u>BACKGROUND</u>

Plaintiff Doris Berrocal initiated this action by filing a one-count Complaint against corporate Defendants Moody Petroleum, Inc., Dorcla, Inc., and individual Defendant Claude Dormoy seeking to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") (DE #

---

[1] After the jury returned a verdict in this matter, the Plaintiff filed a Motion for Judgment as a Matter of Law (DE # 66) seeking additional compensatory damages as well as liquidated damages. The Court denied the Motion and indicated in that Order that the issue of liquidated damages would be resolved through the Court's ruling on the Plaintiff's instant Motion for Liquidated Damages.

1). In the Complaint, the Plaintiff alleged that both corporate Defendants, Moody Petroleum, Inc. ("Moody") and Dorcla, Inc., ("Dorcla"), are gas station businesses that are owned and controlled by individual Defendant Claude Dormoy. The Plaintiff further alleged that she was employed by both companies as a gas station attendant/cashier from between "2000-2001" through September 15, 2007 at a rate of $7.50 an hour. The Plaintiff alleged that she worked an average of 84 hours a week but was not paid overtime in excess of forty hours per week and also alleged that the Defendants knew and/or showed reckless disregard of the FLSA provisions concerning the payment of overtime wages to her and other similarly-situated employees. The Plaintiff sought compensatory damages for unpaid overtime and liquidated damages from all Defendants, jointly and severally.

All three Defendants filed individual Answers to the Plaintiff's Complaint asserting, *inter alia*, that the Plaintiff was an exempt employee under the FLSA and Defendant Moody asserted that Moody Petroleum was not the Plaintiff's employer (DE ##s 9,10, 30).

Prior to trial, the Court granted the Plaintiff's Motion for Partial Summary Judgment (DE # 38) and determined that the Plaintiff was an employee, not an independent contractor, when she worked at Moody Amoco, and that Defendant Claude Dormoy was the Plaintiff's employer at that station (DE # 53).[2] The Court also concluded

---

[2] In the Motion for Partial Summary Judgment, Plaintiff conceded that the issue of whether the other corporate entity, Dorcla, Inc., was a joint employer was an issue not appropriate for summary judgment and which had to be resolved at trial (DE # 38-2). Plaintiff similarly conceded that the issue of whether the FLSA violations were intentional had to be resolved at trial (DE # 38-9).

that Claude Dormoy was individually liable, jointly and severally with Moody, for any FLSA violations.

II.     **TRIAL PROCEEDINGS**

At trial, the Plaintiff first called Defendant Claude Dormoy to testify. Mr. Dormoy testified, among other things, that he never considered paying the Plaintiff overtime for the work she performed at Moody, although he estimated that she worked forty-eight hours a week at Moody and an additional thirty-six hours a week at Dorcla. Mr. Dormoy also testified that although he spoke to an accountant about whether he needed to pay Ms. Berrocal overtime for the combined hours that she worked at both stations, he never consulted an attorney on the issue.

In addition, Mr. Dormoy testified that he had a previous experience where a worker filed an overtime claim with the Department of Labor complaining that she was improperly compensated while working at two different stations owned by Mr. Dormoy, including the Moody station. Mr. Dormoy testified that he received a letter indicating that the claim was dismissed but stated that he was unable to find any of the paperwork related to that claim. The Plaintiff's Counsel then referred to Mr. Dormoy's responses to the Plaintiff's discovery requests wherein Mr. Dormoy indicated that he had no documents from either the State or Federal Department of Labor.

Mr. Dormoy also testified that he viewed Ms. Berrocal as an independent contractor when she worked at Moody and therefore did not keep track of her hours. He testified that he paid her $60.00 a day for her work there.

Following the three-day jury trial, the jury found that the Plaintiff was entitled to

overtime payments stemming from her work at Moody and that Defendant Claude P. Dormoy was her employer with respect to her work at Dorcla (DE # 62).  Specifically, the Verdict Form indicated that the jury found that the Plaintiff proved that she worked 704 hours of overtime for the Defendant Moody Petroleum, Inc., between September 28, 2005 and September 15, 2007 and that Defendant Claude Dormay was her employer with respect to the work she performed for Defendant Dorcla (DE # 62). The jury, however, also found that the Plaintiff did not prove by the preponderance of the evidence that Moody Petroleum and Dorcla were the Plaintiff's joint employers and did not prove that the Defendants either knew or showed reckless disregard of whether their conduct as to the Plaintiff was prohibited by the FLSA (DE # 62),

The Plaintiff then timely filed a Motion for Judgment as a Matter of Law (DE # 66) and also filed the instant Motion to Liquidate Damages (DE # 69).

      III.      <u>PLAINTIFF'S MOTION TO LIQUIDATE DAMAGES</u>

The Plaintiff has filed the Motion to Liquidate Damages requesting that the Court award her liquidated damages in an amount equal to the jury's verdict as to compensatory damages.  The Plaintiff contends that such damages are mandatory since the Defendants have not met their burden of proving that their failure to pay the required overtime compensation was based on good faith and reasonable grounds to believe that they were in compliance with the FLSA.  Specifically, Ms. Berrocal emphasizes that at trial, Defendant Dormoy testified that an accountant told him to keep time records but that he instead destroyed the records after he was done with them.  In addition, Plaintiff contends that Defendant Dormoy's assertion that he believed that he did not have to pay

4

**Ms. Berrocal overtime pay because she worked at Moody as an independent contractor was discredited by the Court's finding for the Plaintiff on that issue on summary judgment.  Plaintiff also emphasized that between the years of 1994 and 2007, Mr. Dormoy never paid overtime to a single employee.**

In their opposition, the Defendants counter that there was no evidence adduced at trial to support a finding that Moody knew that its conduct was prohibited by the FLSA or that Moody did not act in good faith.  In support of this argument, the Defendants point to testimony at trial that indicates that Mr. Dormoy believed that Ms. Berrocal was an independent contractor.  Further, the Defendants state that Moody established that its conduct in compensating Plaintiff was always in good faith.  Finally, Moody asserts that it has sustained its burden of demonstrating that it acted in good faith, which is consistent with the jury's finding that Moody's FLSA violations were not willful.

IV.   LEGAL ANALYSIS

Section 216 of the Fair Labor Standards Act, 28 U.S.C. § 216(b) provides, in pertinent part:

> Any employer who violates the provisions [of this Act] shall be liable to the employee ... [for] unpaid overtime compensation ... and in an additional equal amount as liquidated damages.

An exception to this requirement, however, is set forth in the Portal-to-Portal Act, 29 U.S.C. § 260, which provides, in pertinent part:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act ..., the court may, in its sound discretion,

5

> award no liquidated damages or award any amount thereof
> not to exceed the amount specified in section 216.

The regulation enacted regarding this provision, 29 C.F.R. § 790.22(b), reiterates the statute and provides that to avoid liquidated damages "(1) The employer must show to the satisfaction of the court that the act or omission giving rise to such action was in good faith; and (2) he must also show, to the satisfaction of the court, that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." To satisfy the good faith requirement, an employer must show both objective and subjective good faith. This determination is a mixed question of fact and law to be decided by the court. *Rodriguez v. Farm* Stores, 518 F.3d 1259, 1272 (11th Cir. 2008); *Kennedy v. Critical Intervention Services, Inc.*, 199 F. Supp. 2d 1305 (M.D. Fla. 2002), and cases cited therein.

In this case, the jury returned a verdict finding that the Plaintiff had failed to prove that the Defendants' FLSA violations were willful. However, it is clear that the fact that a jury has found the absence of willfulness with respect to the statute of limitations issue does not necessarily bar the Court from determining that a defendant has failed to prove it acted in good faith. As explained by the Eleventh Circuit in *Rodriguez*, even assuming that the absence of willfulness is equivalent to the presence of good faith, the difference in the burden of proof permits different outcomes between the jury's determination of lack of willfulness and a court's determination of lack of good faith:

> The reconciliation point is the burden of proof, and more
> specifically, the differences in its placement. For the
> willfulness issue on the which the statute of limitations
> turns, the burden is on the employee; for the good faith issue
> on which liquidated damages turns, the burden is on the

6

> employer.  Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present. The result varies with the burden of proof, provided that a factfinder could conclude that the evidence on the issue was evenly balanced.

**518 F.3d at 1274.**

At trial, Defendant Dormoy testified that he believed that the Plaintiff worked as an independent contractor in her position at Moody.  However, the Court determined on Plaintiff's Motion for Partial Summary Judgment that the Plaintiff was not, as a matter of law, an independent contractor when she worked at Moody.  In arriving at its decision the Court concluded, *inter alia*, that Ms. Berrocal had much of her working conditions controlled by Moody Amoco, did not share in any profits that the cafeteria at Moody may have made, and was not able to set her own hours.

In addition, Defendant Dormoy admitted that he destroyed the employees' time records despite being advised by an accountant to keep such records.  Further, Defendant Dormoy should have been alerted to the fact that potential FLSA issues might arise related to Ms. Berrocal's employment at both Moody and Dorcla based upon the purported prior filing by a different employee with the Department of Labor regarding that employee's employment.  Although Mr. Dormoy testified that the prior filing was dismissed, as to which the Court notes, parenthetically, he failed to present any documentation, such a filing should have prompted Mr. Dormoy to verify that he was in compliance with the FLSA.[3]  However, Mr. Dormoy confirmed at trial that he never

---

[3] Defendants argue that pursuant to the Court's ruling in *Rodriguez*, in the Eleventh Circuit an employer is not required to submit documentary evidence and/or proof of

7

sought out legal advice on the issue. Also, it was undisputed that Mr. Dormoy owned and/or operated at least three gas stations during the relevant time period. Yet, according to Mr. Dormoy's own testimony, he never kept documents or posted signs explaining to employees, including Ms. Berrocal, the policy on payment of overtime wages, or that the employees would be entitled to overtime if they worked more than forty hours a week. Finally, the Defendants' assertion that Moody always compensated the Plaintiff in good faith does not establish that the Defendants objectively had reasonable grounds for believing that Moody's acts or omissions were not a violation of the FLSA.

Thus, in the case at bar, the undersigned finds that Defendants have failed to meet their burden of proving both objective and subjective good faith regarding the failure to pay overtime.

In sum, this is a case where the evidence of willfulness/good faith is in equipoise; it is likely that the jury found that the Plaintiff failed to meet her burden in proving that the Defendant's failure to pay the Plaintiff overtime was done willfully; on the other hand, the Court finds that the Defendants have also failed to meet their burden that the FLSA violations were committed with both subjective and objective good faith, in light of Mr.

---

consultation with a labor expert to establish good faith. However, in *Rodriguez*, the reviewing court noted that the trial court reasoned that the absence of documentary evidence or testimony that the defendant consulted the DOL or an FLSA expert before or during the period of the violation weighed against a finding of objective good faith and noted that the trial court did not indicate that the only evidence that would persuade it of the defendant's good faith was documentary evidence or proof of consultation. Thus, the Court rejected the defendant's argument herein and affirmed the trial court's determination that the defendant failed to establish that any FLSA violations were committed in good faith. *Rodriguez*, 518 F. 3d, 1273.

**Dormoy's destruction of the employees' time records, failure to insure that Defendant Moody was in compliance with the FLSA, failure to inform the employees of their rights under the FLSA, and objectively unreasonable belief that Ms. Berrocal was an independent contractor.**

In the alternative, even assuming that the Defendants had established that their actions were taken in good faith and based upon reasonable grounds for believing that there was no violation of the Fair Labor Standards Act, the undersigned would exercise her discretion to award liquidated damages in the amount of $2,640.00. *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith") (emphasis added); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 n.8 (5th Cir. 1990) ("Even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b).").

V.    CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Plaintiff's Motion to Liquidate Damages (DE # 69) is **GRANTED**, and she is awarded liquidated damages in the amount of $2,640.00.

**DONE AND ORDERED** in chambers, in Miami, Florida, on March 31, 2010.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
 **All Counsel of Record via CM/ECF**